

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. O. J. S. Ellingson
General Manager
Texas Prison System
Huntsville, Texas

Dear Sir:

Opinion No. O-1516
Re: Right of Prison Board to permit
Board members and one prison offi-
cial to use a State car to go to
the American Prison Congress in
New York City the latter part of
October.

Your letter of September 27, 1939, requesting
an opinion upon the foregoing question, reads as follows:

"At the last meeting of the Texas Prison
Board, it was decided to send several of the
Board Members and one prison official to the
American Prison Congress in New York City the
latter part of October. Their expenses, how-
ever, are not to be paid from any State fund.

"Does the Prison Board have the right to
permit the men they instruct to go on this
trip to use a State car without securing permis-
sion from your department? If it is necessary
to secure permission, this letter is a request
for permission for these officials to use a
State owned car on this trip without expense
to the State."

The rider appended to Senate Bill 427, Acts
of the 46th Legislature, Regular Session, provides
in part as follows:

"No moneys herein appropriated shall ever
be spent to pay the traveling expenses of any

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. O. J. S. Ellingson, Page 2.

State employee to any type of convention within
the State or without the State."

"(j) Except as otherwise specifically
exempted, the provisions of this Act shall apply
also to department heads and members of commis-
sions."

There is no exemption from the provisions of the
rider of members of the Texas Prison Board.

The rider further provides:

"It is hereby further declared unlawful for
any person authorized to use a State-owned auto-
mobile in connection with any business of the
State, to use such automobile in connection with
any campaign in which such department is direct-
ly interested, or in behalf of the campaign for
reelection of the head of any department, and/or
in any other manner, time or place than when
such automobile is being used in the interest
of and for the purpose of carrying out depart-
mental State business. Any person violating
this Section shall upon final conviction be sub-
ject to a fine of not less than $50.00, nor
more than $200.00. In the event such use of
such automobile is being made with the knowledge
of the head of the department, having charge of
such automobile, then such department head shall
also be liable to punishment in a fine of not
more than $200.00. Any court of competent juris-
diction in the county where this law is violat-
ed shall have jurisdiction to try such cause."

In our opinion, these provisions of the rider,
construed together, reflect the legislative intent, not
only that State officials and employees shall not receive
reimbursement for such items of traveling expense as meals,
lodging, etc., incurred in traveling to a convention of
any kind, within or without the State, but also that such
State officials or State employees shall not be permitted
to use State-owned automobiles for the purpose of convey-
ing themselves to such conventions, though they may pay

Hon. O. J. S. Ellingson, Page 3.

other expenses incurred on trip personally. The use of an automobile purchased by the State involves an expenditure of State funds, in that every use of such State-owned automobile of necessity results in a depreciation of the value of such car.

You are, therefore, advised that the Prison Board may not permit its members or officials of the Prison to use a State-owned automobile to convey these men to the American Prison Congress in New York City, though their expenses, aside from the use of the car, are not to be paid from any State funds.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By R. W. Fairchild
R. W. Fairchild
Assistant

APPROVED OCT 6, 1939
RWF:pbp

FIRST ASSISTANT
ATTORNEY GENERAL


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN